IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CAROL-LISA GUTMAN,

        Defendant.

    and

THRIVENT FINANCIAL,

        Garnishee.

Civil Action No.
1:17-CV-0134 (FJS/DEP)

APPEARANCES:

FOR PLAINTIFF:

HON. RICHARD S. HARTUNIAN
United States Attorney
Northern District of New York
Federal Building
100 South Clinton Street
Syracuse, New York 13261

FOR DEFENDANT GUTMAN:

CAROL-LISA GUTMAN, *Pro Se*
4 Brookman Avenue
Delmar, New York 12054

OF COUNSEL:

MARY E. LANGAN, ESQ.
Assistant U.S. Attorney

<u>FOR GARNISHEE</u>:

[NONE]

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

<u>REPORT AND RECOMMENDATION</u>[1]

A writ of garnishment was issued in this matter to garnishee Thrivent Financial ("Thrivent"), directed toward the cash surrender value of an insurance policy on the life of defendant Carol-Lisa Gutman. The writ was issued in connection with enforcement of a judgment entered against defendant in favor of plaintiff United States of America ("the Government"). Currently pending is a request by defendant for a hearing with respect to the writ, as well as an affidavit from defendant's husband, the beneficiary of the life insurance policy, in which he objects to the writ because he believes the life insurance policy is exempt from garnishment. For the reasons set forth below, I recommend a finding that the life insurance

---

[1] There is authority to the effect that, as a magistrate judge, I have jurisdiction to hear and decide garnishment matters brought under 28 U.S.C. § 3205 and the Fair Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq*. *See United States v. Meux*, 597 F.3d 835, 837-38 (7th Cir. 2010). In this district, however, although such proceedings are directed to be brought before a magistrate judge upon filing, the local rules of practice for this court provide that any dispositive issues associated with such matters must be treated on a report and recommendation basis. N.Y.N.D. L.R. 72.3(e)(4).

2

policy is not exempt, and that defendant is not entitled to an evidentiary hearing.

I. <u>BACKGROUND</u>

On December 7, 2016, judgment was entered against defendant Gutman, finding her guilty of six counts of fraud and one count of theft of government money in violation of 18 U.S.C. §§ 641, 1343, 1920. Dkt. No. 8-1 at 1. As part of the judgment, defendant was directed to pay $429,677.93 in restitution and an $800 special assessment fee. *Id.* at 6. In connection with its efforts to enforce that judgment, the Government commenced this proceeding on February 7, 2017, seeking the issuance of a writ of garnishment to Thrivent pursuant to 28 U.S.C. § 3205(b)(1). Dkt. No. 1. The application was granted on February 13, 2017, and a writ was issued to Thrivent and a notice of garnishment was served on defendant, on that same date. Dkt. Nos. 2-4.

On March 10, 2017, defendant filed a request for a hearing and referenced an affidavit by her husband, Joseph Gutman, Jr., claiming that the subject property is exempt. Dkt. No. 5 at 4. On the same date, Joseph Gutman filed a *pro se* affidavit in which he contends that the Thrivent life insurance policy is not subject to garnishment because it is exempt under New York Insurance Law § 3212(b)(1). Dkt. No. 6 at 1. The Government

has since responded, arguing that the state law provision cited protects life insurance proceeds only in the event of a death, and that the policy does not fall within any of the federally recognized exemptions applicable to such writs. Dkt. No. 8.

II. DISCUSSION

Joseph Gutman contends that his wife's life insurance policy, of which he is the beneficiary, is exempt from garnishment in light of a New York State statute that provides as follows:

> If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance.

N.Y. Ins. L. § 3212(b)(1). That section protects not only the proceeds of a life insurance policy on the death of an insured, but also specifically extends its coverage to the cash surrender value of such a policy as against creditors of the insured. *See* N.Y. Ins. L. 3212(a)(1) (defining "proceeds and avails," to include, *inter alia*, "cash surrender and loan values"); *see also Wornick v. Gaffney*, 544 F. 3d 486, 492 (2d Cir. 2008); *Schwartz v. Seldon*, 153 F.2d 334, 336-37 (2d Cir. 1945). Accordingly, if section 3212(b)(1) is effective and controls in this matter, then the cash

4

surrender value of the life insurance policy secured by defendant is exempt from efforts by the Government, as a judgment creditor, to reach those proceeds and apply them to the outstanding judgment amount.

As was noted above, the underlying judgment in this matter was entered on December 9, 2016, as a result of a criminal prosecution of defendant for fraud and theft, and defendant was ordered to pay restitution to the victim of her criminal conduct. Dkt. No. 8-1. The statute governing the enforcement of such judgments, 18 U.S.C. § 3613, provides that the United States may "enforce a judgment imposing a fine, restitution, or assessment against the property of the person fined, with the exception of those exemptions found in 26 U.S.C. § 6334."[2] *United States v. Nash*, 175 F. 3d 440, 443 (6th Cir. 1999); *see also* 18 U.S.C. § 3613(a). Section 6334(c), in turn, provides that, "[n]otwithstanding any other law of the United States . . ., no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."

---

[2] Generally, exemptions from garnishment recognized under federal law include the following: (1) wearing apparel and school books; (2) fuel provisions, furniture, and personal effects; (3) books and tools of a trade business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) worker's compensation benefits; (8) judgments for the support of minor children; (9) minimum exemption for wages, salary, and other income; (10) certain service-connected disability payments; (11) certain public assistance payments; (12) assistance under Job Training Partnership Act; and (13) residences exempt in small deficiency cases and principal residences and certain assets exempt in absence of certain approval or jeopardy. 18 U.S.C. § 3613(a)(1).

26 U.S.C. § 6334(c). "Section 6334(c) prohibits a criminal defendant from using state exemptions to protect his assets." *Nash*, 175 F. 3d at 443 (citing *United States v. Mitchell*, 403 U.S. 190, 205 (1971)). Accordingly, because defendant's husband seeks to protect the cash surrender value of the life insurance policy on defendant's life insurance policy from garnishment based upon state law, his request should be denied. *See e.g., United States Minneman*, 38 F. App'x 321, 323 (7th Cir. 2002); *United States v. Salinski*, 194 F. 3d 1315 (6th Cir. 1999); *Nash*, 175 F. 3d at 443; *United States v. Castanon*, No. 10-CR-0237, 2012 WL 1432554, at *2 (D N.J. Apr. 24, 2012). In addition, because there are no issues of material fact that must be decided before defendant's claim of exemption can be evaluated, defendant's request for an evidentiary hearing should be denied.

III. <u>SUMMARY AND RECOMMENDATION</u>

At the request of the Government, the court has issued a writ of garnishment to Thrivent, addressed to the cash surrender proceeds of a life insurance policy on defendant's life, with her husband, Joseph Gutman, Jr., listed as the beneficiary. Because this matter is not controlled by the state law provision upon which defendant's husband attempts to rely in claiming exemption, and there is no recognized corresponding

exemption under the federal statute that controls, I recommend that defendant's request for a hearing and Joseph Gutman's request for an order exempting the cash surrender value of the policy from an order discharging the writ of garnishment be denied.[3] It is therefore hereby respectfully

RECOMMENDED that defendant's request for an evidentiary hearing (Dkt. No. 5) and Joseph Gutman, Jr.'s request for an order discharging the writ of garnishment issued to garnishee Thrivent Financial (Dkt. No. 6) both be DENIED in all respects.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1) and N.D.N.Y. L.R. 72.3(e)(5), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within TWENTY-ONE days of service of this report.[4] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. §

---

[3] The cash surrender value of the policy in issue is defendant's asset, not her husband's. Until defendant's death, any interest defendant's husband holds in the life insurance policy is inchoate. Accordingly, it is doubtful whether defendant's husband possesses standing during the defendant's lifetime to object to the writ of garnishment at issue.

[4] If you are proceeding *pro se* and are served with this report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby respectfully ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules, and additionally that a copy be mailed to Joseph Gutman, Jr., 4 Brookman Avenue, Delmar, New York 12054.

Dated:     April 13, 2017
              Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge